[No. 15426. *En Banc.* July 3, 1919.]

C. A. LEE, *Appellant,* v. BELLINGHAM SCHOOL DISTRICT No. 301, *of Whatcom County, Washington, et al., Respondents.*[1]

SCHOOLS AND SCHOOL DISTRICTS (35) — BONDS — NOTICE OF ELECTION — SUFFICIENCY. The requirement of Rem. Code, § 4667, as to published notice of school elections is but directory, and notwithstanding notice was published only two days instead of three, it will not invalidate an election, where it appears from the publicity given it that the voters had ample notice and the result of the election was not affected.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered June 6, 1919, upon findings in favor of the defendants, in an action for an injunction, tried to the court. Affirmed.

*George Downer,* for appellant.
*Kellogg & Thompson,* for respondents.

TOLMAN, J.—Appellant brought this action on behalf of himself and other taxpayers of Bellingham School District No. 301, of Whatcom county, Washington, to enjoin the district and the directors thereof from issuing and selling certain proposed bonds of the district, and praying that the bonds be declared to be void.

It appears that, on May 24, 1919, a special election was held in said school district for the purpose, among other things, of voting upon the proposition of the

[1]Reported in 182 Pac. 580.

issuance of $75,000 of bonds to be used in providing certain betterments, and $75,000 of bonds to be used for refunding warrants of the district then outstanding. All of the proceedings leading up to the election are conceded to be regular, except the publication of the official notice of the election. The statute requires, Rem. Code, § 4667:

"Said notices shall also be published three times in two daily papers published in the district, and if there be no daily or dailies, then in the weekly paper or papers in three regular issues next preceding the day of such election."

It is conceded that a notice, regular in form, was published on May 22 and May 23 in one daily paper, and on May 22, May 23, and May 24, in another daily paper published in said district; and the attack here is directed solely to this defective publication, which amounted in fact to two publications only in each paper, as the publication on May 24, being the day of the election, did not precede the day of the election.

We have before us the findings of fact of the trial court, from which it appears that, on the 29th day of April, 1919, the board of directors adopted the resolution calling for the special election; that the printed notices of the election were duly posted at least twenty days previous to the day of election, and that, commencing on the first day of May, public meetings were held in the several school buildings of the district; the question of the authorization of the bond issue was discussed at such meetings, and publicly discussed throughout the district; that a publicity committee was organized early in May, which arranged and conducted such meetings and prepared and published data and articles in the newspapers generally with reference thereto; that various civic organizations took up and discussed the matter of the bond issue; that the news-

papers published in said district, of which there were three dailies having a large circulation among the residents and electors of the district, began as early as May 1, and continued until the day of the election, to print and publish almost daily many news articles and editorials of and concerning the proposed bond issue and the election to be held with reference to the same, all of which published articles referred to and called the attention of the voters to the date of such special election, and advised and urged the voters to register and vote at such election.

And the court further found:

"That by reason of the several meetings of the electors of said school district held as hereinbefore set forth, and by reason of the articles and editorials published in the several newspapers in the city of Bellingham, in said school district between May 1, 1919, and May 24, 1919, and widely and extensively circulated among the electors of said school district, all of the electors of said Bellingham School District No. 301 were advised of and had notice of the proposed special election to be held in said school district on May 24, 1919, for the purpose of determining whether said school district should issue bonds in the aggregate amount of $150,000 for the purposes as hereinbefore set forth, and that the electors of said school district, by reason of the said meetings and the said publication of the said articles in the several newspapers, as hereinbefore set forth, had greater notice of the said election to be held on May 24, 1919, and the proposed issuance of bonds by said school district to be voted on at said election than said electors would have had by the publication of any official notice of such election, and that no elector of said school district was denied the privilege of voting at such special election for want of notice of such special election, and that the result of said special election would not have been different had any other or different official notice of such election been published by the board of directors of said school district for any greater length of time than the

official notice of such election published by and under the direction of the board of directors of such school district.''

In the light of all of the facts which have been found by the trial court, and which are not disputed, we are constrained to hold that this case falls squarely within the rule laid down in *Rands v. Clarke County*, 79 Wash. 152, 139 Pac. 1090. In that case the previous decisions of this court upon the subject of the giving of notice of an election, either general or special, were collated and discussed, and the rule was there approved and adopted which had been laid down as early as the case of *Seymour v. Tacoma*, 6 Wash. 427, 33 Pac. 1059, to the effect that the requirements of a statute, such as the one now under consideration, providing for the giving of notice of an election are directory rather than mandatory, and notwithstanding a defective or improperly published notice, the election will be held valid, unless the statute itself declares that the election shall be void if the statutory requirements are not strictly observed, or the court can see from the record that the result of the election might have been different had there been a strict compliance with the statutory requirements. We do not wish in any manner to extend or broaden the rule referred to. The action of the officials of the district in failing to publish notice according to the letter of the statute cannot be commended, nor should others be encouraged to follow such a course. It clearly appears, however, from the findings of the court in this case, that the voters generally were fully advised of the date and purpose of the special election; that no one was denied the privilege of voting for want of notice; and that the result of such election would not have been different had the official notice been published strictly in accordance with the terms of the statute. Hence we

are constrained to follow the rule which has so long
been the law of this state; the more so that the legis-
lature, knowing the law, as it is presumed to, has not
seen fit to amend it so as to provide that an election
shall be void if the statutory requirements are not
strictly observed.

Judgment affirmed.

All concur.